**THE STEARNS COMPANY, LTD., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 594–89 L.

United States Court of Federal Claims.

Aug. 26, 2003.

Bruce Clark with Judith Villines and Michelle Whittington, Frankfort, Kentucky, for plaintiff.

Silvia Sepulveda–Hambor, General Litigation Section, Environmental and Natural Resources Division, U.S. Department of Justice, Washington, D.C., for defendant. Daniel W. Kilduff, Office of the Solicitor, U.S. Department of the Interior, Washington, D.C., was of counsel.

## ORDER

SMITH, Senior Judge.

In *Stearns Co., Ltd. v. United States*, 53 Fed.Cl. 446 (2002), the Court awarded $5 million in just compensation to the Stearns

Co., Ltd. ("Stearns") for the taking of Stearns' subsurface coal mining rights under the Daniel Boone National Forest pursuant to the taking clause of the Fifth Amendment. The Court based this decision on what might be termed a "gestalt" approach to damages. The gestalt approach entailed examining evidence based on a variety of damages theories, including comparable sales analysis and royalty income analysis, and reaching "an amount that is just and as exact as can be determined in light of all available evidence." *Stearns*, 53 Fed.Cl. at 466. The Court therefore did not emphasize a specific damages theory in calculating Stearns' award. *See id.* at 446. We concluded that the comparable sales evidence offered by the parties "support the court's determination that a $5 million award is just." *Id.* at 462. We also held that the award "was supported by [our] royalty income stream analysis." *Id.* at 466.

Stearns filed a timely motion for reconsideration of the Court's decision pursuant to Rules of the Court of Federal Claims 59(a)(1). Stearns presented compelling evidence showing that royalty income stream analysis incorporating our findings at trial produced a damages valuation of $10,057,000 for the taking of Stearns' property (the "Property"). Stearns further argued that the only comparable sales evidence suitable for analysis that we examined in *Stearns* was not actually comparable to the Property. *Id.* at 446. After careful consideration of the parties' briefs regarding Stearns' motion, and holding oral argument, the Court hereby GRANTS Stearns' motion for reconsideration.

It is well established that comparable sales have "probative value only if the subject and comparison properties have similar characteristics." *Snowbank Enterprises, Inc. v. United States*, 6 Cl.Ct. 476, 485 (1984). In *Stearns*, we held that the Property should be valued on a price-per-ton basis. 53 Fed.Cl. at 456. The only land sale that we viewed in *Stearns* as comparable to the Property for which there was sufficient data in the record to perform a price-per-ton analysis was the sale of land from Tennessee Land and Mining Co. to Koppers, Inc. (the "Koppers" sale). *See* 53 Fed.Cl. at 461.

However, in *Stearns*, the Court specifically rejected considering the sale of two other tracts of land for the purpose of comparable sales analysis because each tract contained far more coal than was at issue on the Property. *See* 53 Fed.Cl. at 461. One tract contained 130 million tons of coal, and the other tract contained 47 million tons of coal. *Id.* The Koppers sale involved 70 million tons of coal. *See id.* The amount of coal involved in the Koppers sale therefore lay within a range of values that we considered invalid for the purpose of conducting comparable sales analysis with respect to the Property. Thus, our decision erred by permitting the use of the Koppers sale for comparable sales analysis. *Id.* In light of the absence of probative comparable sales data, the gestalt method that we used in our decision was not as reliable as the income analysis offered by Stearns' motion, which resulted in relatively hard evidentiary conclusions.

For the above reasons, the Court hereby GRANTS Stearns' motion for reconsideration, and awards Stearns $10,057,000 for the Property's taking, plus compound interest on the award from December 3, 1980, and attorneys' fees and costs under the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970. 42 U.S.C. § 4601 *et seq.* (2002). The Clerk of the Court is instructed to enter judgment in accordance with this order.

**IT IS SO ORDERED.**